**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Paul A. Duarte

   v.                                                       Civil No. 06-cv-107-SM

United States Department of
Veterans' Affairs, et al.

**O R D E R**

*Pro se* plaintiff Paul A. Duarte has filed suit against the United States Department of Veterans' Affairs pursuant to 38 U.S.C. § 1151, alleging that he is entitled to compensation for injuries sustained by improper treatment provided by a Veterans' Administration nurse practitioner.  Because Duarte is proceeding *pro se*, his complaint is before me for preliminary review to determine whether this court's subject matter jurisdiction has been invoked.  See United States District Court for the District of New Hampshire Local Rule 4.3(d)(1)(A).

### Standard of Review

In reviewing a *pro se* complaint, this court must construe the pleading liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in

favor of the *pro se* party).  "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).  I apply this standard in reviewing Duarte's complaint.

## Background

Paul Duarte alleges that on March 23, 2004, he was treated by Timothy Cox, a nurse practitioner, at a Veterans' Administration hospital in White River Junction, Vermont.  Duarte alleges that Cox negligently engaged in physical manipulations of

Cox's body that injured Duarte, despite being advised of Duarte's medical conditions and physical limitations.  Cox alleges that he has filed a "Notice of Intent" for this action with the Veterans' Administration Regional Office.

Duarte originally filed this action on March 22, 2006.  At the time he filed his complaint, Duarte advised the Clerk's Office that he would send in summonses the same week.  Duarte then called back and requested until April 22, 2006 to return his summonses for processing.  On April 24, 2006, Duarte requested until May 30, 2006 to send in his service documents for processing.  As of the date of this Order, no service documents have been filed for processing, and therefore service documents have not been issued by the Clerk's Office or served on any defendant to this action.

## Discussion

I. Subject Matter Jurisdiction

Federal Courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994).  The presumption is that a federal court lacks jurisdiction.  Id.  Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it.

Id.; see also Bender v. Williamsport Sch. Dist, 475 U.S. 534, 541 (1986).  To bring a civil action within the court's subject matter jurisdiction, a plaintiff must allege that his action either involves a federal question, or involves citizens from different states and an amount in controversy in excess of $75,000.  See 28 U.S.C. §§ 1331 & 1332.  If it appears that the courts lacks subject matter jurisdiction over the matter, the court is required to dismiss the action.  Fed. R. Civ. P. 12(h)(3).  By filing suit under the provisions of 38 U.S.C. § 1151, Duarte invokes the federal question jurisdiction of this court.  See 28 U.S.C. §1331 (authorizing District Court jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States.")

II.  Service

Plaintiffs are required to serve a summons and a copy of the complaint upon a defendant to a civil action within 120 days of the date the complaint was filed or else the court may dismiss the case for failure to prosecute.  Fed. R. Civ. P. 4(m).[1]  As of

---

[1]Fed. R. Civ. P. 4(m) states:

> [T]he court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified

June 21, 2006, ninety (90) days after the complaint in this case was filed, the plaintiff has filed neither his summonses for processing nor any certificate of service indicating that he has served any defendant with a copy of the complaint.  In accordance with Federal Rule of Civil Procedure 4(m), Duarte is hereby notified that this case may be dismissed without prejudice on July 22, 2006, if no return of service documents or motion to extend time to effect service is not received by that date.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     June 21, 2006

cc:       Paul A. Duarte, *pro se*

---

time; provided that if the plaintiff shows good
cause for the failure, the court shall extend the
time for service for an appropriate period.